IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02868-RMR-MEH

HEATHER SZUCS,

    Plaintiff,

v.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, G.C.
HEIDKAMP, INC., and GAVIN
HEIDKAMP

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

On March 23, 2023, I entered an Order to Show Cause why I should not recommend that this case be remanded to the Boulder County District Court for lack of subject matter jurisdiction. ECF 34.  Before the Court are the Defendant's response and Plaintiff's reply thereto.  ECF 39, 41. The Court finds that neither additional briefing nor oral argument would materially assist in its adjudication. Based upon the record herein and for the reasons that follow, the Court respectfully recommends that this case be remanded to Boulder County District Court.

### **BACKGROUND**

On September 28, 2022, Plaintiff filed the present lawsuit against one Defendant, Allstate Vehicle and Property Insurance Company ("Defendant Allstate"), in Boulder County District Court. On November 2, 2022, the suit was removed to this Court. On December 19, 2022, the Court granted Plaintiff's motion for leave to file her Second Amended Complaint to substitute a

claim for violation of the Colorado Consumer Protection Act ("CCPA") with a negligent representation claim against Defendant Allstate. On January 3, 2023, Allstate filed its Answer, and the Parties exchanged their respective initial disclosures. Allstate served supplemental disclosures on February 9, 2023, and again on March 13, 2023. Based on review of Allstate's disclosures, Plaintiff discovered that claims for negligence and negligent misrepresentation could be pleaded against Defendants insurance agency, G.C. Heidkamp, Inc. and its principal, Gavin Heidkamp ("Heidkamp Defendants"). The Heidkamp Defendants procured the Allstate insurance policy for Plaintiff. ECF 33 at ¶ 6.

On March 20, 2023, Plaintiff filed the Motion for Leave to File Third Amended Complaint, which the Court granted on March 23, 2023. ECF 32. The certificate of conferral pursuant to D.C.Colo.LCivR 7.1(a) stated that Plaintiff's counsel "conferred with counsel for Defendant, who does not take a position with respect to the Motion." ECF 30. The Defendant's position as stated in the conferral is not disputed.

Defendant now represents it did not receive a copy of the proposed Third Amended Complaint prior to the filing of the motion for leave. However, the motion itself attached a copy of Plaintiff's proposed redlined Third Amended Complaint and a clean copy of the Third Amended Complaint. ECF 30-1, 30-2. Upon referral, I granted the motion to amend. ECF 32. Plaintiff subsequently filed her Third Amended Complaint. ECF 33.[1] Defendant did not move to dismiss

---

[1] Plaintiff's home was destroyed in the Marshall Fire in December 2021, and she alleges she first discovered, shortly after submitting her claim with Allstate for the fire loss, that the insurer had not increased the coverage limits, even though extended replacement coverage was available at the time of issuance of her homeowners policy. ECF 33 at ¶18. Plaintiff alleges Heidkamp Defendants employed bait and switch tactics by advertising coverage limits in the House and Home Base Insurance Quote ("Quote") for Plaintiff's residence. *Id.* at ¶¶ 8-14, 39-43. Plaintiff noticed that her coverage limits did not match those offered to her residence and requested that the Quote be honored. *Id.* at ¶12. Unbeknownst to Plaintiff, Heidkamp Defendants did not increase

or seek reconsideration of the Order granting the amendment; Defendant answered the Third Amended Complaint on April 6, 2023.  ECF 38.

In Defendant's Notice of Removal, ECF 1, Defendant invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.* at ¶¶ 15-18. Plaintiff is a resident and citizen of Colorado. *Id.* at ¶ 16 (a)-(c). Defendant Allstate is a citizen of Illinois.  *Id*. at ¶ 17.  The Third Amended Complaint (ECF 33) adds defendant Gavin Heidkamp, "an individual residing in Denver County." *Id.* at ¶ 4.  Like Allstate, G.C. Heidkamp, Inc. is incorporated under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois, and is authorized to do business and is doing business in the State of Colorado. *Id*. ¶ at 3.

There is no dispute that the parties are non-diverse.  Defendant does not argue fraudulent joinder or that the addition of the non-diverse party was a pretext to destroy diversity jurisdiction. Defendant opposes remand on the grounds the claims fail to state a claim and are time-barred by the statute of limitations.  Defendant asks the Court to strike the Third Amended Complaint and dismiss the claims against the Heidkamp Defendants.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp. 2d 1075, 1077 (D. Colo. 2001) (citing *Castaneda v. Immigration and Naturalization Serv.,* 23 F.3d 1576, 1580 (10th Cir. 1994)). Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). A federal court has original

---

the coverage limits as she had requested, even though extended dwelling coverage was available for her residence. *Id*. at ¶13-14.

jurisdiction only over cases that the Constitution and Congress have granted it authority to hear. *ICG Telecom Grp. v. Qwest Corp.*, 375 F. Supp. 2d 1084, 1086 (D. Colo. 2005). Where uncertainties exist regarding the Court's jurisdiction, the matter is resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Removal of a case from state to federal court is governed by statute. Title 28 U.S.C. § 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal district courts have jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). The party invoking diversity jurisdiction must prove its existence by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "If a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *see also* 28 U.S.C. § 1447.

## ANALYSIS

In granting the motion to amend and issuing the show cause order, I considered not only Rule 15(a) but also the factors pursuant to 28 U.S.C § 1447(e), which provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A court considers four factors when determining whether joinder and remand is proper under § 1447(e): "(1) whether the amendment is intended to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion, (3) whether the plaintiff would be significantly injured

4

if the motion to amend were denied, and (4) any other equitable factors." *Pacheco v. Const. Nursing & Rehab. Ctr. LLC,* No. 21-cv-00875-DDD-KMT, 2021 WL 5548303, at *2 (D. Colo. July 6, 2021). In granting leave to amend, I stated:

> Plaintiff seeks leave to amend the Complaint to reflect newly learned information. The Court perceives no undue delay, bad faith or dilatory motive in Plaintiff's request. Additionally, the Court perceives no undue prejudice. Finally, regarding futility, even if such an issue arises here, such arguments would be "more efficiently raised in the context of a Rule 12(b)(6) motion." *Fluker v. Federal Bureau of Prisons,* No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. April 21, 2009).

ECF 32 at 2. Implicit in this analysis, and explicitly stated now, is that Plaintiff would face prejudice if amendment were denied. Instead of proceeding in one lawsuit against three defendants arising out of the exact same incident, Plaintiff would be required to pursue two separate lawsuits at both the federal and state level. The prejudice faced by Defendant would be minimal.

Defendant opposes remand on the grounds the claims fail to state a claim and are time-barred by the statute of limitations. This argument is unpersuasive. As stated in *Combs v. Nordstrom*, 2022 WL 2865985, *4, 22-cv-00150-RMR-NRN (D. Colo. July 21, 2022), *report and recommendation adopted* 2022 WL 17534122 (D. Colo. August 17, 2022):

> This Court agrees that briefing on the Motion to Amend is not the appropriate place to be making full blown dismissal arguments. The claims against [newly added Defendant] do not appear to be patently futile on their face. It is fairer to allow Plaintiffs to have the opportunity to fully brief the viability of her claim against [newly added Defendant] in the context of responding to a formal motion to dismiss, rather than addressing this dispositive question in the context of a motion to amend. Should [Defendant] choose to seek dismissal of some or all of the amended complaint, it will be an issue for the state court to decide.

## CONCLUSION

In exercising its discretion under 28 U.S.C. § 1447(e), I recommend that the Court deny Defendant's request to strike the Third Amended Complaint and further, because the additional

defendants joined destroys subject matter jurisdiction, the Court remand the action to the state court. *See Reigel v. Canyon Sudar Partners, L.L.C.*, No. CIV.A. 07-CV-00595-MS, 2007 WL 3274430, at *4 (D. Colo. Nov. 5, 2007).

Accordingly, the Court respectfully RECOMMENDS[2] that this action be **remanded** back to Boulder County District Court**.**

Entered and dated this 30th day of May, 2023, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).